**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

JOSE MARTIN NEVAREZ ESTRADA,

Petitioner,

v.

JEFFREY CRAWFORD, *et al.*,

Respondents.

Case No. 2:26-cv-867

## OPINION & ORDER

Before the Court is Petitioner Jose Martin Nevarez Estrada's motion to enforce this Court's Order granting his petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 20. Because the respondents provided the petitioner with constitutionally adequate process at his afternoon hearing on October 8, 2026, the motion will be denied.

## I. BACKGROUND

The Court granted the petitioner's motion for a writ of habeas corpus and ordered the respondents to: (1) provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a); (2) notify the petitioner of the Court's decision within 24 hours of the time the Order issued; and (3) file a notice that included the date, time, and manner in which the petitioner was informed about the Order as well as the outcome of the bond hearing. ECF No. 14 at 2–3.

The respondents submitted a notice that included the outcome of the bond hearing but no information about whether or how the petitioner was notified of the

Court's decision granting the habeas motion. *See* ECF No. 16. So the Court directed the respondents to submit a supplemental notice compliant with the September 25, 2026 Order. ECF No. 17.

In their supplemental notice, the respondents claimed that "[Immigration and Customs Enforcement (ICE)] mistakenly failed to inform" the petitioner about the Court-ordered bond hearing and that a new hearing would be held, but "the exact date and time" were "still in the process of being set." ECF No. 18 at 2; *see also* ECF No. 20 (petitioner detailing the circumstances of the surprise bond hearing). The respondents represented that they would "promptly provide notice" to the Court when the date and time of the petitioner's new bond hearing were set. ECF No. 18 at 2. A week passed, and no such notice was filed.

The Court ordered another status update, to include (1) the date and time of the new bond hearing, (2) when that date and time were set, and (3) when and how the petitioner was informed about the date and time of the new bond hearing. ECF No. 21. The Order also stated that if a new bond hearing had already taken place, the respondents were to provide details about the outcome consistent with the Court's September 25, 2026 Order (ECF No. 14), along with a recording of the entire hearing. *Id.*

The respondents' updated notice asserted that on October 7, 2026, the Immigration Court set the petitioner's new bond hearing for 9:00 a.m. the following day (October 8, 2026). ECF No. 22 ¶ 2. It claimed that counsel "ha[d] been unable to obtain [] information" about when the petitioner was informed about the date and

time of the new bond hearing." *Id.* ¶ 3. But the respondents admit that when the petitioner appeared at 9:00 a.m. on October 8, he stated that he had received notice of the hearing just that morning and therefore had not yet submitted evidence he wished to present to the Immigration Judge (IJ). *Id.* ¶ 2. The IJ continued the hearing until 2:30 p.m. that same afternoon. *Id.* At the 2:30 p.m. hearing, the IJ denied the petitioner bond. *Id.* ¶ 4.[1]

The petitioner initially asserted that the respondents' failure to provide him with meaningful notice made the bond hearing constitutionally inadequate. ECF No. 20 at 3. In a separate filing, the petitioner argued that the bond determination was unfair because the IJ had pre-judged the matter and the hearing was merely "set up to justify a denial." ECF No. 24 at 1.

The Court directed the respondents to respond to the petitioner's motion to enforce and to address the analysis outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976). ECF No. 23. Instead of engaging with the petitioner's argument about notice, the respondents merely argue that the IJ appropriately applied the standard to determine whether the petitioner was a flight risk or a danger to the community. ECF No. 25 at 9–10.

[1] The petitioner states that he also attended some sort of proceeding on "October 1, 2026." ECF No. 20 at 1. And there may have also been an "October 2, 2026" proceeding. ECF No. 22 at 1. But neither side argues that the relevant hearing for purposes of the due process assessment occurred on either of those dates. So except for discussing a statement the petitioner alleges the IJ made on October 1, *see infra* Part III.A., the Court disregards this murky portion of the procedural history.

The petitioner then submitted a reply, reaffirming two bases for his requested relief: (1) The respondents "failed to provide . . . proper notice of [the] bond hearing," (2) the petitioner was "unable to be heard in a meaningful manner," and (3) the IJ's pre-judgment resulted in a ruling not "premised on case-specific circumstances." ECF No. 26 at 1.

## II. LEGAL STANDARD

### A. Jurisdiction

Congress has prohibited courts from reviewing the Attorney General's discretionary decisions regarding detention and release, including the denial of bond. 8 U.S.C. § 1226(e). In the § 1226(e) context, the Fourth Circuit distinguishes between challenges to the outcome of discretionary bond determinations and challenges to the constitutionality of bond hearings. *Miranda v. Garland*, 34 F.4th 338, 347 (4th Cir. 2022)) (holding that while "the Attorney General's decision to adopt procedures placing the burden of proof on aliens detained under § 1226(a) may very well be discretionary, a constitutional challenge to its categorical, across-the-board nature, as opposed to the application of § 1226 to specific cases, is beyond the scope of § 1226(e)"). Thus, § 1226(e) does not bar review of a constitutional challenge to the procedures the Attorney General adopted for all detention decisions. *Id.* at 353.

Applying *Miranda*, courts in the Eastern District of Virginia have held that § 1226(e) does not prohibit the court from considering whether an immigration court bond hearing comports with due process. *See e.g.*, *Segura v. Bondi*, No. 1:26-cv-304, 2026 WL 688862, at *4 (E.D. Va. Mar. 11, 2026) (holding that "§ 1226(e) does not bar

judicial review where a noncitizen asserts that the factors an [IJ] employed in denying [their] request for release on bond failed to comport with due process"); *Romero Lopez v. Blanche*, No. 1:26-cv-938, 2026 WL 1458901, at *2 (E.D. Va. May 21, 2026) (concluding that the court "retains jurisdiction to review whether Respondents provided Petitioner with a constitutionally compliant bond hearing").

Likewise, 8 U.S.C. § 1252(a)(2)(B)(ii) prohibits judicial review of an IJ's bond determination. However, the *Miranda* decision made clear that § 1252(a)(2)(B)(ii) does not prevent a court from reviewing the constitutionality of procedures used in bond hearings. 34 F.4th at 353 n.6. So long as the "claim is limited to whether the [IJ's] decision comports with due process, [] federal immigration officials do not have discretion as to whether to comply with the Fifth Amendment in denying a noncitizen's request for release on bond." *Segura*, 2026 WL 688862, at *5.

**B. Due Process Challenges to § 1226(a) Bond Hearings**

The balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976), governs due process challenges to government conduct under 8 U.S.C. § 1226(a). *Miranda*, 34 F.4th at 361. Accordingly, courts balance:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

## III. ANALYSIS

### A. Jurisdiction

The Court has jurisdiction to consider the petitioner's notice and hearing claim[2] but not the claim regarding the IJ's bias.

With respect to notice and an opportunity to be heard, the petitioner disputes whether the bond hearing he received complied with the constitutional requirements imposed by this Court's Order granting habeas relief. ECF No. 20 at 3. Because the petitioner challenges the constitutionality of the bond hearing, neither § 1226(e) nor § 1252(a)(2)(B)(ii) prevents the Court from adjudicating the notice or hearing claims.

However, the petitioner's contention that the IJ pre-judged his request for bond is an attack on the merits of the IJ's decision. Indeed, the petitioner effectively admits that the process the IJ provided was facially adequate. *See* ECF No. 24 at 1 (contending that the IJ justified denying bond by "check[ing] off all the boxes" at the afternoon hearing). The crux of the petitioner's argument is that the same IJ previously told him, "I don't care about your evidence"—so the process the petitioner received was merely a ruse to justify the IJ's predetermined outcome. ECF No. 20 at 2.

[2] These two contentions merge for purposes of the due process analysis. *See infra* Part III.B.

Those allegations are certainly concerning. And it may well be that the petitioner did not receive an "impartial" hearing. ECF No. 24 at 1.[3] But, surprising as it may be to the average person, the Due Process Clause does not guarantee impartiality or even fairness. For better or worse, it merely imposes a minimum requirement of 'box-checking,' as the petitioner puts it. And because Congress has removed from this Court the power to second-guess a discretionary decision that complied with that minimum process, the petitioner's claim regarding the IJ's purported bias must fail for lack of jurisdiction.

**B. Merits**

The petitioner argues that his bond hearing was constitutionally inadequate because he was given such short notice and had no meaningful opportunity to be heard. ECF No. 20 at 1–2; ECF No. 26 at 1. The basis for the hearing claim appears to be the petitioner's contentions regarding the IJ's bias and the timing of the notice. So, having found no jurisdiction to consider the pre-judgment claim, the Court concludes that the notice and hearing claims merge.

"The core of due process is the right to notice and a meaningful opportunity to be heard." *LaChance v. Erickson*, 522 U.S. 262, 266 (1998) (citation omitted). And "[t]he Due Process Clause requires provision of a hearing 'at a meaningful time.'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547 (1985). Just as "[a]t some point, a delay in [holding a] hearing would become a constitutional violation," holding

---

[3] The petitioner also asserts that the IJ's background as a "Homeland Security [p]rosecution [a]ttorney" suggests he was not "impartial" and that the proceedings were "[i]mbalance[d]." ECF No. 24 at 1.

a hearing too quickly could, in theory, deprive an individual of meaningful notice and a real opportunity to be heard on the merits. *Id.*

There is no question that the respondents failed to comply with the Court's Order: The petitioner asserts that he was notified the morning of the October 8, 2026 hearing, not within 24 hours of the Court's September 25, 2026 Order, as the Court directed. ECF No. 24 at 1; ECF No. 22 ¶ 2; *see* ECF No. 14 at 2 (Order). And the respondents do not dispute that account. *See* ECF Nos. 22, 25. But although the Order was designed to ensure the petitioner had adequate notice of the bond hearing, the respondents' noncompliance does not necessarily implicate due process.

The Fourth Circuit has determined that, in general, the process ICE currently affords detainees under § 1226(a) is constitutionally adequate. *Miranda*, 34 F.4th at 346–47. However, *Miranda* did not specifically address the notice issue raised here, so additional analysis is needed.

The petitioner's notice claim falls within the ambit of the second *Mathews* factor. The question is whether additional notice—as a "substitute" for the notice the petitioner received—would provide any "probable value" to reduce the risk of an erroneous bond decision and therefore shift the balance. *Mathews*, 424 U.S. at 335.

The petitioner does not dispute that between the time he received notice (i.e., at least the start of the morning proceeding) and the time his request for bond was adjudicated (i.e., at the afternoon hearing), he was permitted to submit evidence to support his claim. *See* ECF No. 24 at 1 (conceding that he "was granted time to present evidence[,] as the hearing was rescheduled for the afternoon"). Nor does the

petitioner assert that, if he had more time, he would have presented different or additional evidence that might have swayed the IJ. *See id.* Nor does the petitioner advance any other theory on which the Court could find that the respondents' failure to provide more notice has constitutional dimension. So while the Court cannot and does not determine that the amount of notice provided here is constitutionally adequate per se, the petitioner does not demonstrate that, in his particular case, it violated due process.

## IV. CONCLUSION

Accordingly, Petitioner Jose Martin Nevarez Estrada's motion (ECF No. 20) to enforce the Court's September 25, 2026 Order (ECF No. 14) is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to the petitioner.

**IT IS SO ORDERED**.

/s/

Norfolk, Virginia
November 5, 2026

Jamar K. Walker
United States District Judge